# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HARALD MARK GALZINSKI,

Plaintiff,

v.

BEARD, et al.,

Defendants.

**Case No. 1:14-cv-01158-LJO-JLT (PC)**

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

**(Doc. 1)**

**RESPONSE DUE WITHIN THIRTY DAYS**

## I. Background

Plaintiff, Harald Mark Galzinksi, is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint in this action on July 11, 2014. (Doc. 1.)

### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C.

§ 1915(e)(2)(B)(i)-(iii).

**B. <u>Summary of Plaintiff's Complaint</u>**

Plaintiff complains of acts that occurred at Sierra Conservation Center ("SCC") where he is currently housed. Plaintiff names CDCR Secretary Jeffery Beard, SCC Warden Heidi M. Lackner, SSC Chief Deputy Warden Joel Martinez, Appeals Chief J.D. Lozano, Appeals Examiner K. Pool, Appeals Coordinator Michael Baldwin, and Correctional Sergeant B. Lacey as Defendants in this action. Plaintiff seeks monetary, declaratory, and injunctive relief.

Plaintiff alleges that Sergeant Lacey harassed him for assisting other inmates with their proofs of service as part of his job as a clerk in the law library and that Secretary Beard failed to properly train, supervise, and discipline the other Defendants who inappropriately rejected and/or denied his inmate appeals/staff complaints regarding this harassment in violation of California Penal Code Section 832.5, various sections of Title 15 of the California Code of Regulations, and the First Amendment.

Plaintiff may be able to amend to correct the deficiencies in his pleading so as to state a cognizable claim. Thus, he is being given the applicable standards based on his stated claims and leave to file a first amended complaint.

**C. <u>Pleading Requirements</u>**

**1. Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557. While "plaintiffs [now] face a higher burden of pleadings facts . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, courts are not required to indulge unwarranted inferences. *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

If he chooses to file a first amended complaint, Plaintiff should endeavor to make it as concise as possible. He should merely state which of his constitutional rights he feels were violated by each Defendant and its factual basis.

**2. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See*

*Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff must clearly state which Defendant(s) he feels are responsible for each violation of his constitutional rights and their factual basis as his Complaint must put each Defendant on notice of Plaintiff's claims against him or her. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

**3. Exhibits**

Plaintiff's Complaint is comprised of 17 pages of factual allegations followed by 38 pages of exhibits. (Doc. 1.)

The Court is not a repository for the parties' evidence. Originals, or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) need not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court). If Plaintiff attaches exhibits to his amended complaint, each exhibit must be specifically referenced. Fed. R. Civ. Pro. 10(c). For example, Plaintiff must state "see Exhibit A" or something similar in order to direct the Court to the specific exhibit Plaintiff is referencing. Further, if the exhibit consists of more than one page, Plaintiff must reference the **specific** page of the exhibit he is relying on (i.e. "See Exhibit A, page 3") rather than merely referencing a grouping of multiple pages.

At this point, the submission of evidence is premature as Plaintiff is only required to state a prima facie claim for relief. Plaintiff is reminded that, for screening purposes, the Court must assume that Plaintiff's factual allegations are true. It is unnecessary for Plaintiff to submit exhibits in support of the allegations in a complaint. Thus, if Plaintiff chooses to file a first

amended complaint, he would do well to simply state the facts upon which he alleges a Defendant has violated his constitutional rights and refrain from submitting exhibits.

**D. <u>Claims for Relief</u>**

**1. First Amendment**

Plaintiff does not state which aspect of his rights under the First Amendment he feels have been violated and none are blatantly clear based on his allegations.

He alleges that Sgt. Lacey "initiated a 'campaign of harassment' to install fear and intimidation against Plaintiff to obstruct the legal assistance that was being provided to other inmates, specifically that Plaintiff used California Code of Civil Procedure Section 415.30, to serve the summons and complaint on seven employees of Sierra Conservation Center, State Prison employees for a fellow inmate, . . ." (Doc. 1, ¶87.) However, "[i]nmates do not possess a special First Amendment right to provide legal assistance to fellow inmates that enhances the protections otherwise available under *Turner*. For instance, some First Amendment rights are simply inconsistent with the corrections system's legitimate penological objectives and thus this Court has sustained restrictions on, e.g., inmate-to-inmate written correspondence." *Shaw v. Murphy*, 532 U.S. 223 (2001) *ref. Turner v. Safley*, 482 U.S. 78 (1987) (citations and quotations omitted).

Further, verbal harassment or abuse alone is not sufficient to state a claim under section 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Even threats do not rise to the level of a constitutional violation. *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987).

Plaintiff's allegations against Secretary Beard are not premised on a recognizable violation of any right of Plaintiff's under the First Amendment, but rather are based on his training and/or supervision of the other named Defendants in this action and are discussed in subsection D.3. below.

Likewise, Plaintiff's allegations against Warden Lackner, Chief Deputy Warden Martinez, Appeals Chief Lazano, Appeals Examiner Pool, and Appeals Coordinator Baldwin are also not premised on a recognizable violation of any right of Plaintiff's under the First Amendment, but rather are based on their handling of his inmate grievance(s)/staff complaint(s) which are not

cognizable as discussed in the next subsection. Thus, Plaintiff fails to state a cognizable claim for violation of his rights under the First Amendment against any of the Defendants named in this action.

**2. Inmate Appeals**

Plaintiff grieves the processing and reviewing of his 602 inmate appeal/staff complaint by Warden Lackner, Chief Deputy Warden Martinez, Appeals Chief Lazano, Appeals Examiner Pool, and Appeals Coordinator Baldwin based on Sgt. Lacey's harassing actions.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.*

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982) *accord Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. *Buckley*, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution and fails to cure it has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against

a prisoner on an administrative complaint does not cause or contribute to the violation." *Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir.2005) *accord George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir.1999); *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir.1996).

Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails and is unable to state a cognizable claim against Warden Lackner, Chief Deputy Warden Martinez, Appeals Chief Lazano, Appeals Examiner Pool, and Appeals Coordinator Baldwin for the processing and/or reviewing of his 602 inmate appeals/staff complaints.

**3. State Laws**

**a. California Tort Claims Act**

Under the California Tort Claims Act ("CTCA"), set forth in California Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("VCGCB" or "Board"), and the Board acted on the claim, or the time for doing so expired. "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal.App.4th 1767, 1776 (1995). The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455 (1974) (citations omitted). Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1244 (2004). Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id*. at 1239 (fn.omitted).

Plaintiff fails to state any allegations to show compliance with the CTCA to be allowed to proceed on his claims under California law in this action.

///

**b. Supplemental Jurisdiction**

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc*., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

If Plaintiff has complied with the CTCA, jurisdiction over his claims under California law will only be allowed to proceed in this Court as long as he has federal claims pending.

**c. California Code of Regulations and Penal Codes**

Plaintiff alleges violations of sections 3160(a), 3163, 3391.(d), and 3084.1 of Title 15 of the California Code of Regulations and Penal Code section 832.5. The existence of regulations such as these governing the conduct of prison employees and for prosecution of criminal activities does not necessarily entitle Plaintiff to sue civilly to enforce the regulations, for criminal prosecution, or to sue for damages based on their violation. The Court has found no authority to support a finding that there is an implied private right of action under Title 15 of the California Penal Code and Plaintiff has provided none. Given that the statutory language does not support an inference that there is a private right of action, the Court finds that Plaintiff is unable to state any cognizable claims upon which relief may be granted based on the violation of Title 15 regulations and/or the California Penal Code.

Plaintiff fails and is unable to state a cognizable claim for violation under either Title 15 of the California Code of Regulations and/or the California Penal Code.

/ / /

**4. Supervisory Liability**

Plaintiff states that he is suing Secretary Beard in his individual and official capacities and alleges that he is "legally responsible for the overall operation of the [CDCR] and each Institution under its jurisdiction" and that he has failed to train and hold all staff within CDCR accountable and accepts staff members not adhering to the regulations and laws of the State of California and the United States Constitution. (See Doc. 1, at ¶¶ 4, 92.)

In *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989), the Supreme Court held that, under certain circumstances, a municipality may be held liable based on the failure to train its employees. "The issue is whether the training program is adequate and, if it is not, whether such inadequate training can justifiably be said to represent municipal policy." *Long v. County of Los Angeles*, 442 F.3d 1178, 1186 (9th Cir. 2006) citing *City of Canton*. Further, in order to state such a claim, there must first be an employee who caused a constitutional violation as a result of a lack of training. *Id*. This Court finds no authority for the extension of City of Canton and its progeny to a state prison official being sued in his personal capacity. Relevant case law limits cases involving failure to train to suits against city and county entities. Plaintiff cannot state a personal liability claim against supervisory prison personnel for insufficient training of their staff. Thus, Plaintiff's allegations that Secretary Beard is liable in his personal capacity for failing to adequately train prison employees does not state a cognizable claim. Plaintiff's allegations against Secretary Beard are conclusory at best and likewise do not state a facially plausible claim against him for failing to train/supervise in his official capacity. *See Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

Further, supervisory personnel are also generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that a supervisory Defendant either:

personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. *Iqbal*, 129 S.Ct. at 1949. "In a § 1983 suit or a Bivens action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." *Id*. Knowledge and acquiescence of a subordinate's misconduct is insufficient to establish liability; each government official is only liable for his or her own misconduct. *Id*. Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. *See Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts to show that Secretary Beard personally participated in the alleged deprivation of constitutional rights, or knew of the violations and failed to act to prevent them. Thus, Plaintiff fails to state a cognizable claim Secretary Beard.

## II. CONCLUSION

For the reasons set forth above, Plaintiff's Complaint fails to state cognizable claims and is dismissed, with leave to file a first amended complaint within thirty days. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in any first amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The first amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's first amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and

plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. **Within 30 days** from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order; and
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **August 26, 2014** **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE