# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARALD MARK GALZINSKI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BEARD, et al.,<br><br>　　　　　Defendants. | Case No. 1:14-cv-01158-LJO-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS AMENDED COMPLAINT WITH PREJUDICE FOR FAILURE/INABILITY TO STATE A CLAIM**<br><br>**(Doc. 12)**<br><br>**30-DAY DEADLINE** |

**I.　Findings**

　　**A.　Procedural History**

Plaintiff, Harald Mark Galzinksi, is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint in this action on July 11, 2014. (Doc. 1.) It was screened and dismissed with leave to amend. (Doc. 11.) On September 4, 2014, Plaintiff filed the First Amended Complaint, which is before the Court for screening. (Doc. 12.)

　　**B.　Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C.

§ 1915(e)(2)(B)(i)-(iii).

**B.      Summary of the First Amended Complaint**

Plaintiff complains of acts that occurred at Sierra Conservation Center ("SCC") where he is currently housed. Plaintiff names CDCR Secretary Jeffery Beard, SCC Warden Heidi M. Lackner, and Appeals Coordinator Michael Baldwin as Defendants in the First Amended Complaint. Plaintiff seeks monetary, declaratory, and injunctive relief.

Plaintiff alleges that he filed an inmate appeal against Sgt Lacey for harassing him for assisting another inmate with proofs of service/service of process. Baldwin rejected Plaintiff's appeal. When Plaintiff sent a letter to Baldwin explaining Baldwin's error, Baldwin screened and rejected his inmate appeal a second time. Plaintiff sent a second letter and Baldwin screened and then cancelled the inmate appeal. Plaintiff submitted an appeal challenging Baldwin's cancellation decision and was interviewed by Baldwin. Plaintiff's appeal was denied by Dept. Warden Martinez who found it had been "appropriately cancelled." Plaintiff's appeal was ultimately denied at the third and final level by Pool and Lozano, on behalf of Beard, finding that Plaintiff "failed to present any evidence that the actions of the staff were inappropriate." Plaintiff delineates two causes of action based on these allegations: (1) violation of his "First Amendment -- Right to File Prison Grievances; and (2) "State Law -- Declaratory Relief."

As discussed in greater detail below, Plaintiff was previously given the applicable standards which indicated that he does not have any protectable right in the inmate appeals/grievance process, yet he persists in pursuing this line of allegations and continues to fail to state a cognizable claim. It thus appears that Plaintiff is unable to state a cognizable claim and so as not to encourage fabrication, this action is appropriately dismissed with prejudice.

**II.     Analysis**

**A.      Plaintiff's Claims**

**1. Inmate Appeals**

Plaintiff grieves the processing and reviewing of his 602 inmate appeal/staff complaint by Secretary Beard, Warden Lackner, and Appeals Coordinator Baldwin based on Sgt. Lacey's harassing actions.

2

1	As stated in the prior screening order (*see* Doc. 11), the Due Process Clause protects
2	prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418
3	U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff
4	must first establish the existence of a liberty interest for which the protection is sought. "States
5	may under certain circumstances create liberty interests which are protected by the Due Process
6	Clause." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law
7	are generally limited to freedom from restraint which "imposes atypical and significant hardship
8	on the inmate in relation to the ordinary incidents of prison life." *Id.*

9	"[A prison] grievance procedure is a procedural right only, it does not confer any
10	substantive right upon the inmates." *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)
11	*accord Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Ramirez v. Galaza*, 334
12	F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement
13	to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001)
14	(existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855
15	F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest
16	requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v.*
17	*DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986).
18	Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under
19	a § 1983 action. *Buckley*, 997 F.2d at 495. The argument that anyone who knows about a
20	violation of the Constitution and fails to cure it has violated the Constitution himself is not
21	correct. "Only persons who cause or participate in the violations are responsible. Ruling against
22	a prisoner on an administrative complaint does not cause or contribute to the violation." *Greeno*
23	*v. Daley*, 414 F.3d 645, 656-57 (7th Cir.2005) *accord George v. Smith*, 507 F.3d 605, 609-10 (7th
24	Cir. 2007); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir.1999); *Vance v. Peters*, 97 F.3d 987,
25	992-93 (7th Cir.1996).

26	Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals,
27	Plaintiff fails and is unable to state a cognizable claim for the processing and/or reviewing of his
28	602 inmate appeals/staff complaints.

3

### 2. State Law Claims

#### a. California Tort Claims Act

As also stated in the prior screening order (*see* Doc. 11), under the California Tort Claims Act ("CTCA"), set forth in California Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("VCGCB" or "Board"), and the Board acted on the claim, or the time for doing so expired. "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal.App.4th 1767, 1776 (1995). The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455 (1974) (citations omitted). Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1244 (2004). Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id*. at 1239 (fn.omitted).

Plaintiff fails to state any allegations to show compliance with the CTCA to be allowed to proceed on any claims under California law in this action.

#### b. Supplemental Jurisdiction

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc*., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §

1367(c)(3).  The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

As discussed above, Plaintiff fails and is unable to state any cognizable claims under federal law upon which to proceed, requiring dismissal of Plaintiff's claims under state law as well.

### c. California Code of Regulations and Penal Codes

Further, Plaintiff continues to allege violations of various sections of Title 15 of the California Code of Regulations and the California Penal Code.  As stated in the prior screening order (*see* Doc. 11) the existence of regulations such as these governing the conduct of prison employees and for prosecution of criminal activities does not necessarily entitle Plaintiff to sue civilly to enforce the regulations, for criminal prosecution, or to sue for damages based on their violation.  The Court has found no authority to support a finding that there is an implied private right of action under Title 15 of the California Penal Code and Plaintiff has provided none.  Given that the statutory language does not support an inference that there is a private right of action, the Court finds that Plaintiff is unable to state any cognizable claims upon which relief may be granted based on the violation of Title 15 regulations and/or the California Penal Code.

Plaintiff fails and is unable to state a cognizable claim for violation under either Title 15 of the California Code of Regulations and/or the California Penal Code.

## III.  CONCLUSION

 Plaintiff's First Amended Complaint fails to state a cognizable claim against any of the named Defendants.  Given Plaintiff's persistence in attempting to state a causes of action that he as previously been advised are not actionable, it appears futile to allow further amendment.

Accordingly, it is HEREBY RECOMMENDED that this entire action be dismissed with prejudice and this dismissal should count as a strike for purposes of 28 U.S.C. §1915(g).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within 30 days** after being served with these Findings and Recommendations, Plaintiff may file written

objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:  **October 2, 2014**               **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE