# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARALD MARK GALZINSKI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BEARD, et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-01158-LJO-JLT (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONSTO DISMISS AMENDED COMPLAINT WITH PREJUDICE FOR FAILURE/INABILITY TO STATE A CLAIM**<br><br>**(Docs. 12, 13)**<br><br>**STRIKE PER 28 U.S.C. § 1915(g)** |

Plaintiff, Harald Mark Galzinksi, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint in this action on July 11, 2014. (Doc. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The Magistrate Judge screened and dismissed Plaintiff's Complaint with leave to amend. (Doc. 11.) On September 4, 2014, Plaintiff filed the First Amended Complaint which was screened and upon which Findings and Recommendations issued that the action be dismissed for Plaintiff's failure/inability to state a cognizable claim. (Docs. 12, 13.) The Findings and Recommendations was served on Plaintiff on October 2, 2014 and contained notice that any objections to the Findings and Recommendations were to be filed within thirty days. (Doc. 13.) Plaintiff filed objections on October 29, 2014. (Doc. 14.)

In his objections, Plaintiff states that he intended to pursue an action for the processing/handling of his inmate grievances under the First Amendment for violation of his right of access to the courts, not under the Due Process Clause of the Fourteenth Amendment (as was

1

analyzed by the Magistrate Judge).  (Doc. 14.)  However, Plaintiff's claim fares no better under the First Amendment than the Fourteenth Amendment.

Inmates do have a fundamental constitutional right of access to the courts, *Lewis v. Casey*, 518 U.S. 343, 346 (1996), which extends to established grievance procedures, *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir.1995) *overruled on other grounds by Shaw v. Murphy*, 532 U.S. 223, 230, n. 2 (2001).  However, the protection applies merely to the right to bring to court a grievance the inmate wishes to present and is limited to direct criminal appeals, habeas petitions, and civil rights actions.  *Lewis*, 518 U.S. at 354.  To bring a claim, the plaintiff must have suffered an actual injury by being shut out of court.  *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351.

Plaintiff may not pursue a claim for denial of access to the courts based on mishandling, failure to respond, or rejection of his appeals by prison staff as there is no constitutionally protected right to have inmate grievances/appeals accepted or processed, *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir.2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988).  Plaintiff fails and is unable to state a cognizable claim based on the handling/processing of his inmate grievances/appeals -- under any Amendment to the United States Constitution.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:1.The Findings and Recommendations, filed October 2, 2014 (Doc. 13), is adopted                       in full;

2. This case is dismissed with prejudice for Plaintiff's failure to state a claim;

3. Dismissal of this action counts as a strike pursuant to 28 U.S.C. § 1915(g); and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **November 4, 2014**              /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28