# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARALD MARK GALZINSKI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BEARD, et al.,<br><br>　　　　　Defendants. | **Case No.  1:14-cv-01158-LJO-JLT (PC)**<br>**Appeal No.  14-17294**<br><br>**NOTICE AND ORDER FINDING THAT PLAINTIFF IS NOT ENTITLED TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**<br><br>**(Doc.  20)** |

　　　　Plaintiff, Harald Mark Galzinksi, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint in this action on July 11, 2014.  (Doc. 1.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　The Magistrate Judge screened and dismissed Plaintiff's Complaint with leave to amend.  (Doc. 11.)  On September 4, 2014, Plaintiff filed the First Amended Complaint which was screened and upon which Findings and Recommendations issued that the action be dismissed for Plaintiff's failure/inability to state a cognizable claim for the handling/processing of his inmate grievances (which is the only basis for his claims stated in both the original Complaint and the First Amended Complaint).  (Docs. 12, 13.)  The Findings and Recommendations was served on Plaintiff on October 2, 2014 and contained notice that any objections to the Findings and Recommendations were to be filed within thirty days.  (Doc. 13.)  Plaintiff filed timely objections in which he stated that he intended to pursue an action for the processing/handling of his inmate grievances under the First Amendment for violation of his right of access to the courts, not under

1

the Due Process Clause of the Fourteenth Amendment (as was analyzed by the Magistrate Judge). (Doc. 14.)  The order adopting the Findings and Recommendations which dismissed this action, found that Plaintiff is unable to state a claim under any Amendment to the United States Constitution for the processing/handling of his inmate grievances and that this was the only basis raised in Plaintiff's pleadings.  (Doc. 15.)

On November 19, 2014, Plaintiff filed a notice of appeal.  (Doc. 17.)  On November 20, 2014, the Court of Appeals for the Ninth Circuit referred the matter to the district court for the limited purpose of determining whether *in forma pauperis* should continue for this appeal.  28 U.S.C. § 1915(a)(3); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).  For the reasons which follow, the Court finds that Plaintiff's *in forma pauperis* status on appeal should be revoked.  *Id.*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  The test for allowing an appeal *in forma pauperis* is easily met; the good faith requirement is satisfied if the appellant seeks review of any issue that is not frivolous.  *Gardner v. Pogue*, 558 F.2d 548, 550-51 (9th Cir. 1977) (citing *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917 (1962)); *see also Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (if at least one issue or claim is non-frivolous, the appeal must proceed in forma pauperis as a whole).

Plaintiff's claims are exclusively based on the processing/handling of his inmate grievances, which do not support a viable claim for relief under section 1983.  *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir.2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988).  Plaintiff is unable to state a cognizable claim based on the handling/processing of his inmate grievances/appeals which makes all such claims frivolous.  Plaintiff does not seek review of any issue that is not frivolous.

Accordingly, the Court HEREBY ORDERS as follows:

1. Pursuant to 28 U.S.C. § 19156(a)(3), the Court finds that Plaintiff's appeal was not taken in good faith and he should not be permitted to proceed in forma pauperis on appeal; and

/ / /

2. Pursuant to Federal Rule of Appellate Procedure 24(a)(4), the Clerk of the Court shall serve this order on Plaintiff and the Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated:   **December 2, 2014**              **/s/ Lawrence J. O'Neill**
                                                              UNITED STATES DISTRICT JUDGE

2